UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. RUSSELL, AK4805,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS, Warden,<br><br>Respondent. | Case No. 18-cv-05527-CRB (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a pro se First Amended Petition (FAP) for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the state courts' denial of his petitions for resentencing pursuant to Proposition 36.

## BACKGROUND

Petitioner was convicted by a jury in Santa Cruz County Superior Court of various offenses arising from a traffic accident in which, while driving drunk, he struck a pedestrian who was walking on the road with his wife. Following a bench trial, the court found that petitioner had six prior strike convictions and six prior serious felony convictions and, on December 2, 2011, sentenced him to 50 years to life in state prison pursuant to California's Three Strikes Law.

Petitioner unsuccessfully appealed, and sought collateral relief from, his conviction and sentence in the state courts. He also unsuccessfully sought a federal writ of habeas corpus from this court invalidating his state court conviction and sentence.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner does not challenge his state court conviction or sentence, but rather the state courts' denial of his petitions for resentencing under Proposition 36.

On November 7, 2012, Proposition 36, also known as the Three Strikes Reform Act of 2012, which modified California's Three Strikes Law as it applies to certain third-strike indeterminate sentences, became effective. See Cal. Penal Code § 1170.126 (Section 1170.126). In pertinent part, Proposition 36 created a post-conviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the Three Strikes Law for a crime that is not a serious or violent felony and who is not disqualified, may have his sentence recalled and be sentenced as a second-strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. See People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013) (discussing Proposition 36, codified as Section 1170.126).

Petitioner alleges that in 2013 and 2018 he filed petitions for resentencing under Proposition 36 based on his having been convicted of a "non-violent offense" and his being a "non-violent third striker." FAP (ECF No. 7) at 1, 2. But he claims that the state courts arbitrarily and without any explanation denied his petitions in violation of his federal due process rights. Liberally construed, petitioner's claim appears arguably cognizable under § 2254 and consequently merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).[1]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve a copy of this order, and a copy of the FAP and all attachments or addendums thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

---

[1] To the extent that petitioner also claims that he has been improperly denied release from state prison pursuant to Proposition 57, the claim is dismissed as duplicative and for the reasons stated in his earlier federal habeas petition raising said claim. See Russell v. Fox, No. 18-cv-01112-CRB (PR) (N.D. Cal. Apr. 2, 2018) (order dismissing petition for a writ of habeas corpus). The instant habeas action will be limited to petitioner's claim that he was denied due process in connection with his petitions for resentencing pursuant to Proposition 36.

2

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: June 18, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS,<br><br>    Defendant. | Case No. 3:18-cv-05527-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 18, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert G. Russell ID: AK4805
San Quentin State Prison
4/W/21
San Quentin, CA 94131


Dated: June 18, 2019

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By:_____
                                              Lashanda Scott, Deputy Clerk to the
                                              Honorable CHARLES R. BREYER