1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   ROBERT G. RUSSELL, AK4805,                      Case No. 18-cv-05527-CRB  (PR)

8                    Petitioner,

9           v.                                       **ORDER DENYING PETITION
                                                     FOR A WRIT OF HABEAS
10  RON DAVIS, Warden,                               CORPUS**

11                   Respondent(s).

12          Petitioner Robert G. Russell, a state prisoner proceeding pro se and currently incarcerated

13  at San Quentin State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the

14  state courts' denial of his 2013 and 2018 petitions requesting resentencing pursuant to Proposition

15  36.  For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

16  **I.        BACKGROUND**

17          **A.        Three Strikes Reform Act – Proposition 36**

18          Under the Three Strikes Law originally enacted in 1994, a defendant convicted of any

19  felony who had two prior convictions for serious or violent felonies was subject to a twenty-five

20  years to life sentence.  People v. Conley, 63 Cal. 4th 646, 651 (2016).  On November 7, 2012,

21  Proposition 36, also known as the Three Strikes Reform Act of 2012, which modified California's

22  Three Strikes Law as it applies to certain third-strike indeterminate sentences, became effective.

23  See Cal. Penal Code § 1170.126 (Section 1170.126).  In pertinent part, Proposition 36 created a

24  post-conviction release proceeding whereby a prisoner who is serving an indeterminate life

25  sentence imposed pursuant to the Three Strikes Law for a felony conviction that is not a serious or

26  violent felony and who is not otherwise disqualified may have his sentence recalled and be

27  sentenced as a second-strike offender unless the court determines that resentencing would pose an

28  unreasonable risk of danger to public safety.  See People v. Yearwood, 213 Cal. App. 4th 161, 168

1    (2013) (discussing Proposition 36, codified as Section 1170.126). But the resentencing provisions

2    of Proposition 36 "do not apply in cases in which the defendant was previously convicted of

3    certain enumerated offenses, including those involving sexual violence, child sexual abuse,

4    homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a

5    peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent

6    felony punishable by life imprisonment or death." Conley, 63 Cal. 4th at 653 (citation omitted);

7    see also Cal. Pen. Code § 1170.126(e)(3) (limiting resentencing relief to defendants who do not

8    have prior convictions for any offenses listed under Section 1170.12(c)(2)(C)(iv)).

9    ### B.    Statement of the Case

10   Petitioner was convicted by a jury in Santa Cruz County Superior Court of various

11   offenses arising from a traffic accident in which, while driving drunk, he struck a pedestrian who

12   was walking on the road with his wife. Following a bench trial, the court found that petitioner had

13   six prior strike convictions and six prior serious felony convictions and, on December 2, 2011,

14   sentenced him to fifty years to life in state prison pursuant to California's Three Strikes Law.

15   Petitioner appealed.

16   Among other claims on appeal, petitioner raised a claim under People v. Romero, 13 Cal.

17   4th 497 (1996),[1] alleging that the trial court erred in denying his motion to strike one or more

18   findings that he suffered a prior conviction for the purposes of the Three Strikes Law. People v.

19   Russell, No. H037744, 2014 WL 1348813, at *1 (Cal. Ct. App. 6th Dist. Apr. 7, 2014) (Resp. Ex.

20   1 (ECF No. 16-3 at 3-4)). On April 7, 2014, the California Court of Appeal modified the

21   judgment of the trial court to strike two prior-prison-term enhancements, but otherwise affirmed

22   the trial court. Id. at *14. In its rejection of the Romero claim, the state appellate court noted that

23   the trial court had denied the Romero motion upon observing that petitioner's current crimes were

24   "serious" and that he had "seven Three-Strikes-eligible convictions." Id. at *10. The state

25   appellate court listed petitioner's most recent prior offenses as "first degree burglary, attempted

26   murder, assault to commit rape, aggravated assault, and false imprisonment," which all took place

27

28   [1]In Romero, the California Supreme Court made clear that sentencing courts may exercise their
     discretion to strike sentence enhancements based on prior "strike" convictions.

2

1    during an incident that "involved an 85-year-old neighbor who was lucky to survive his sexual

2    assault and strangulation of her." Id. Petitioner previously served seventeen years of an eighteen-

3    year prison sentence for those crimes. Id. The state appellate court further noted that petitioner

4    had committed those offenses "three days after completing parole for molesting a six-year-old

5    neighbor in 1977," for which he had received an indeterminate sentence of three years to life and

6    served the minimum term. Id. at *10 n.6.

7         On June 18, 2014, the Supreme Court of California denied review.

8         From 2013 to 2015, petitioner filed state habeas petitions and was denied relief in the state

9    superior, appellate and supreme courts.

10        On June 5, 2015, petitioner filed his first federal habeas corpus petition challenging his

11   conviction, which the court denied on April 20, 2018. See Russell v. Fox, No. 15-cv-02709-CRB

12   (PR) (N.D. Cal. Apr. 20, 2018) (order denying petition for a writ of habeas corpus).

13        On June 4, 2018, petitioner filed a habeas corpus petition in the Santa Cruz County

14   Superior Court, which the court denied on June 6, 2018. On June 29, 2018, petitioner filed a

15   habeas corpus petition in the California Court of Appeal, which the court denied on July 16, 2018.

16   On July 23, 2018, petitioner filed a habeas corpus petition in the Supreme Court of California,

17   which the court denied on August 29, 2018.

18        On September 10, 2018, petitioner filed the instant federal habeas action under § 2254. On

19   December 11, 2018, the court dismissed the petition with partial leave to amend. On December

20   19, 2018, petitioner filed a First Amended Petitioner (FAP) and, on December 24, 2018, he filed

21   an addendum to the FAP.

22        On June 18, 2019, the court directed respondent to show cause why a writ of habeas corpus

23   should not be granted as to the FAP. On September 30, 2019, respondent filed an answer to the

24   order to show cause. On October 11, 2019, petitioner filed a traverse.

25   **II.    DISCUSSION**

26        A.    **Standard of Review**

27        This court may entertain a petition for a writ of habeas corpus "in behalf of a person in

28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

3

1   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

2          The writ may not be granted with respect to any claim that was adjudicated on the merits in

3   state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was

4   contrary to, or involved an unreasonable application of, clearly established Federal law, as

5   determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

6   on an unreasonable determination of the facts in light of the evidence presented in the State court

7   proceeding."  Id. § 2254(d).

8          "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court

9   arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

10  the state court decides a case differently than [the] Court has on a set of materially

11  indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the

12  'reasonable application clause,' a federal habeas court may grant the writ if the state court

13  identifies the correct governing legal principle from [the] Court's decisions but unreasonably

14  applies that principle to the facts of the prisoner's case."  Id. at 413.

15         "[A] federal habeas court may not issue the writ simply because that court concludes in its

16  independent judgment that the relevant state-court decision applied clearly established federal law

17  erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.  A

18  federal habeas court making the "unreasonable application" inquiry should ask whether the state

19  court's application of clearly established federal law was "objectively unreasonable."  Id. at 409.

20         The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is

21  in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court

22  decision.  Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003) overruled on other

23  grounds by Lockyer v. Andrade, 538 U.S. 63 (2003).  While circuit law may be "persuasive

24  authority" for purposes of determining whether a state court decision is an unreasonable

25  application of Supreme Court precedent, only the Supreme Court's holdings are binding on the

26  state courts and only those holdings need be "reasonably" applied.  Id.

27      B.  **Due Process Claim**

28         Petitioner alleges that in 2013 and in 2018 he filed petitions for resentencing under

4

1    Proposition 36 based on his having been convicted of a "non-violent offense" and his being a

2    "non-violent third striker," but that the state courts arbitrarily and without any explanation denied

3    the petitions in violation of his federal due process rights.  FAP (ECF No. 7) at 1, 2.  Petitioner

4    specifically notes that in March 2013 he "wrote the [state superior] court asking for reasons for

5    [the] denial" and, on or about March 26, 2013, he "received a notice from the court directing the

6    court not to entertain direct communication with petitioner."  Id.  at 2.  Petitioner attaches as

7    "Exhibit A" to the FAP a "Minute Order" dated March 26, 2013 that lists Santa Cruz County

8    Superior Court case number "M51085," which is the relevant underlying criminal case, and the

9    "Charges" stemming from the traffic accident where petitioner struck a pedestrian.  Id.  at 5.

10   Below the list of charges is the following: "Per order of Judge Ariadne J. Symons, Defendant has

11   an appellate attorney who is representing him.  The court will not entertain direct communication

12   from the defendant while this matter is on appeal."  Id.

13   Respondent points out that petitioner "did not attach to the present petition what he alleges

14   to be the Proposition 36 resentencing petitions he filed in the superior court in 2013 and 2018."

15   Memo. of Points and Auth. in Supp. of Ans. (ECF No. 16-1) at 6 n.2.  The court confirms that the

16   record does not include any Proposition 36 resentencing petitions filed in the state superior court

17   in 2013 or 2018.  But as to the alleged 2013 resentencing petition, petitioner points to a March

18   2013 letter he wrote the state superior court asking for reasons for the denial of his Proposition 36

19   resentencing petition.  FAP at 1, 2.  And as to the alleged 2018 resentencing petition, the record

20   shows that the June 4, 2018 habeas petition filed in state superior court only challenged the

21   imposition of "an illegal legal mandate 12/20/2011" (Resp. Ex. 7 (ECF No. 16-3 at 162)) but is

22   unclear as to whether petitioner raised his resentencing request in his subsequent petitions to the

23   state appellate and supreme courts.  But even if he did, his claim that the state courts arbitrarily

24   denied them in violation of his due process rights is without merit.

25   It is well established that alleged errors in the application of state sentencing law are not

26   cognizable on federal habeas review.  See Richmond v. Lewis, 506 U.S. 40, 50 (1992).  Petitioner

27   nonetheless argues that the state courts' allegedly arbitrary and capricious denials of his 2013 and

28   2018 petitions for resentencing under Proposition 36 is cognizable on federal habeas review

5

because they amounted to violations of his federal due process rights. But the state courts' denial of petitioner's requests for resentencing under Proposition 36 was far from arbitrary and capricious because it was correct under the plain language of Proposition 36. Section 1170.126(e)(3) makes clear that resentencing relief under Proposition 36 is limited to defendants who do not have a prior conviction for any offenses listed in Section 1170.12(c)(2)(C)(iv); that list includes some of petitioner's prior convictions, including his prior conviction for attempted murder (see Cal. Pen. Code § 1170.12(c)(2)(C)(iv)(IV) (attempted homicide)) and his prior conviction for molestation of a six-year-old child (see Cal. Pen. Code § 1170.12(c)(2)(C)(iv)(III) (lewd or lascivious act involving a child under fourteen)). Consequently, petitioner's prior convictions render him ineligible for resentencing under Proposition 36. See Conley, 63 Cal. 4th at 653. Under the circumstances, it simply cannot be said that the state courts' denial of petitioner's requests for resentencing under Proposition 36 was arbitrary and capricious or, much less, contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254 (d). Petitioner is not entitled to federal habeas relief.

## III.     CONCLUSION

For the foregoing reasons, the FAP is DENIED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: February 14, 2020

_____

CHARLES R. BREYER
United States District Judge

1
2
3    UNITED STATES DISTRICT COURT
4    NORTHERN DISTRICT OF CALIFORNIA
5
6    ROBERT G. RUSSELL,                          Case No. 3:18-cv-05527-CRB

            Plaintiff,
7
8        v.                                      **CERTIFICATE OF SERVICE**

9    RON DAVIS,

            Defendant.
10
11        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
12   District Court, Northern District of California.
13
14        That on February 14, 2020, I SERVED a true and correct copy(ies) of the attached, by
15   placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
16   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
17   receptacle located in the Clerk's office.
18
19   Robert G. Russell ID: AK4805
     San Quentin State Prison
20   San Quentin, CA 94974
21
22   Dated: February 14, 2020
23
                                                Susan Y. Soong
24                                              Clerk, United States District Court
25
                                                By:_____
26                                              Lashanda Scott, Deputy Clerk to the
27                                              Honorable CHARLES R. BREYER
28

7